Good morning, Your Honors. My name is Saad Ahmed, and I represent the petitioners in this case. Petitioners are husband and wife and natives and citizens of the Philippines, and they seek review of the Board's final order of removal, in which the Board affirmed the immigration judge's denial of the lead petitioner, the husband's, applications for asylum, withholding of removal and relief under the Convention Against Torture, and also voluntary departure. This petition for review should be granted, in this case should be remanded to the Board for one simple reason. That reason is that in deciding the petitioner's administrative appeal, the Board overlooked a dispositive issue, an issue which was necessary to the resolution of this appeal. The issue was whether the lead petitioner, in this case, provided material support to a terrorist organization, the New People's Army. An alien who has engaged in a terrorist activity is barred from obtaining any relief from removal, including voluntary departure. In this case, the Board did not address the voluntary departure issue by concluding that petitioner did not raise it on appeal. However, the issue of voluntary departure was intertwined with the issue of material support. In this case, the immigration judge had denied the petitioner's applications for asylum, withholding of removal and CAT on five separate grounds, including material support. And the judge also concluded that petitioner was statutorily ineligible for voluntary departure because he had provided support to the New People's Army in the Philippines. The Board affirmed on two of those five grounds, but did not address the material support issue. And the Board also concluded that the petitioner did not give any reasons as to the issue of voluntary departure, and therefore did not – therefore denied that claim as well. Kennedy. So is the release that you're seeking that we grant the petitioner for review and remand to the BIA so they can determine whether there was material support and determine whether he should get voluntary departure? Yes, Your Honor. Period? That's part of the relief. Oh, all right. That's part of the relief. You know, the other part of the relief that petitioners are seeking, unfortunately, the Court can only grant relief based on the issues raised – as the issues raised on briefs to the Court. The judge made an adverse credibility determination, and the petitioners did raise that issue with the Board and with this Court. Unfortunately, their arguments before the Court did not give enough explanations to the Court to reverse. So I believe that in this regard, substantial evidence may support that even if substantial evidence does support the agency's decision, based on the record, this Court should still reverse and the case should still go back to the Board. I'd also like to point out that the petitioner – But wait a minute. Let me understand what you're saying. Are you saying that on the asylum withholding and CAT claims, the Board had substantial evidence to determine that Mr. Famacion was not telling the truth, they could determine an adverse credibility finding, and therefore he's not entitled to asylum withholding and CAT relief. But you want to go back to the Board for what? So the petitioner – so the Board can determine in the first instance, because this Court cannot do it under Supreme Court's holding, to decide an issue not briefed before the Board – excuse me, not decided by the Board. If this case goes back to the Board, the Board has the right to decide whether or not the petitioner is telling   So the Board has the right to do that. But it only goes to voluntary departure, doesn't it? That's correct. It goes to the voluntary departure. So you want to be able to voluntary departure because that way he may apply without the 10-year ban. That's correct. That's one reason. And also, this would allow him to be able to adjust if the Board were to conclude that substantial evidence did not support the immigration judge's conclusion that the petitioner engaged in material support of a terrorist organization. I'd like to point out as well that any time there's a due process violation, a person must establish prejudice, meaning that obviously if the Board's harmless, then this Court does not have to remand this case back. In this case, petitioners have plausible grounds to argue that the lead petitioner did not provide material support. First of all, he argued that he was under duress. Second of all, at the time the material support or alleged material support was provided to the NPA, NPA was not a terrorist organization under the State Department. State Department did not list the NPA as a terrorist organization until 2002. And there's unpublished Board decisions on this issue that when material support is provided to a terrorist organization at the time it was not a terrorist organization, that this bar does not apply. That issue, the service now called ICE, takes a position that it was waived before the news came out. So there's a lot of difference between the BIA because your client did not bring it up. What's your position on that? Yes, we disagree. As I mentioned in my reply brief, that, I mean, they did argue, even though they did not argue as zealously, but they did put the Board on notice that he was, I mean, the main petitioner was under duress at the time. Then, therefore, in fact, I can point to the Court. If you look at the petitioner's briefs to the Board, I can point, excuse me, I would say it would be on certified administrative record page number 15. It says the judge also maintained that the respondent was barred from asylum based on the government argument at trial that he had supported terrorist activities. And he said that his position was that he was under duress. So this issue was raised properly with the Board to give Board notice under the doctrine of administrative exhaustion as long as the Board has notice of the issue, they must rule on the issue. And in this case, this issue was, you know, was required and necessary for the complete resolution of this case. And we believe that, therefore, this case should be remanded back to the Board for the Board to decide in the first instance as to the material support. And if there are no other questions, I'll save my time for rebuttal. Thank you. Thank you. Good morning. May it please the Court. Yamileth Handuber on behalf of the Respondent, the Attorney General. As Petitioner has just conceded, the agency's factual determinations in this case are supported by substantial evidence. Petitioner has received due process and three separate adjudicators determined that they are not eligible for relief from removal. The agency determined that Petitioners are not eligible for asylum, withholding of removal, and cap protection because Petitioner, lead Petitioner, was found adversely credible. And that adverse credibility determination is supported by inconsistencies in the record, implausibility in the Petitioner's account, as well as the immigration judge's observations on Dean Yeener. Slow down a little bit, would you please. Yes, Your Honor. Alternatively, the agency determined that the Petitioners did not meet their burden of proof and persuasion in that they did not establish past persecution, as well as did not establish a well-founded fear of future persecution. Is it your position that all they got was some threats by the NPA and the threats by themselves, which are not carried out, do not constitute, under the cases, persecution? Yes, Your Honor. As pointed out by the immigration judge, as well as the board, threats, unfulfilled threats, in and of themselves, are not sufficient to establish past persecution. This Court, excuse me, as the Respondent pointed out, this case is analogous to Lim, in which the Court determined that unfulfilled threats, even in that case where the Petitioner's colleagues were murdered, were insufficient to establish past persecution. Here, the Petitioners were never harmed. In fact, the Petitioner and his family members don't allege that they were ever harmed. And by his own testimony, he has not received any threats since 1990. So he didn't establish a well-founded fear of future persecution as well. What's precluding him from getting voluntary departure? Your Honor, the Petitioner, for the first time in his reply brief, raises the challenge to the immigration judge's denial of voluntary departure. He did not exhaust this issue before the board. And I understand that. What was the basis for the IJ's denying voluntary departure? I'm just trying to understand the facts.  And what did the material support consist? Petitioner worked as a manager in a shipping and trucking company in the Philippines, and he allowed passengers who were members of the NPA to a communist organization  to board his ships with ammunition as well as provide them with free passage. These were the basis for the immigration judge's determination that Petitioner provided material support. This issue was not addressed. Was he represented by counsel on all of these proceedings? Yes, Your Honor. Petitioner was represented by counsel before the immigration court, before the board in his opening brief, and again now before this court. And your position is that the IJ made a proper finding of material support as a basis for denying voluntary departure, and the Petitioner did not raise that point with the BIA? Your Honor, our position is that the immigration judge made that determination. It was not exhausted before any challenges to that determination were not exhausted before the board. They were not raised in the opening brief to this court, and that is our position regarding voluntary departure. We also, our position is that the adverse credibility determination as well as the burden of proof determination are dispositive of Petitioner's asylum claim as well as his withholding of removal claim as well as his cap protection claim. If allowed to raise the voluntary departure issue now, does that constitute some significant prejudice to the government? And if so, how? Yes, Your Honor. Petitioner did not exhaust the issue before the board, so the board in the first instance was not allowed to address those challenges. And as the Supreme Court stated, the board, excuse me, the statute states the alien must exhaust all of his administrative remedies as of right before this court would have jurisdiction to address issues not raised to the agency. Additionally, the Respondent is prejudiced because those issues were not raised in the opening brief, and the Respondent was not permitted to address them in his answering brief. In conclusion, substantial evidence supports the agency's determination that Petitioners are not eligible for relief, and this Court should deny the petition for review. Thank you. Thank you. Your Honors, Petitioners' two daughters are United States citizens. They have filed visa applications for the Petitioners. They have been approved. They're not part of the record, but they have been approved. A remand in this case would not be futile. This material support issue is a very, very strong issue. We believe, and I have pointed in the record that Respondent, that the Petitioners raised it or gave the board notice of this issue. The board can review questions of law de novo. This would be a question of law in fact, mixed question of law. In fact, the board can review de novo. This issue was raised. Yes, I concede that. Where is it? Where is it raised before the board? It was raised on page number, I can give you the, on AR-15. That's the administrative record in the brief that Respondent raised this issue. And he pointed out, he gave BIA his reasons and why this was not material support. Yes, he did not talk a lot about it. Yes, he did not give, did not argue this much. But it was enough. It was sufficient to put the board on notice. That's all this Court requires is reasonable notice to the board so there's no premature interference with agency decisions. Kennedy, what do you get around your failure to raise this issue in your opening brief? Yes. As I, as I talked about in my reply brief, that the Court can for the first time look at a brief, look at an issue not raised in the opening brief, in the reply brief, if there would be substantial injustice. Manifest injustice. Manifest injustice, yes. Manifest injustice. I think in this case you're looking at an elderly couple who have no family left in the Philippines. Their two daughters are U.S. citizens. And unfortunately, their attorney did not present a very crucial issue in the opening brief. I mean, I can't say why he didn't do it. I mean, he's no longer here. Yeah. But in this case, he did not, he did not represent the, my clients zealously in this Court or before the board. And we believe my client should not be penalized for his failure to raise issues that he should have raised. Not only on the voluntary departure issue, but also on the other issues on, as to adverse credibility. If the adverse credibility finding is justified, why should we grant the petition to have further hearings on material support where your client has no credibility? Well, I think that the judge found him not credible as to certain facts in the case, but not on all the facts in the case. And even this Court … Falso in unius, falso in tutti. False in one thing, false in everything. Well, I think that doctrine has been rejected by, you know, by the Supreme Court. As Judge Posner recently said, that if everything that a witness says isn't discredited, I mean, you know, witnesses say things that may or may not be true. They may exaggerate things. They may make, they may say things to, to strengthen their claims. But that does not mean that everything they say are, you know, are wrong. If that were the case, no trials would go forward. I think in this case, the response, I mean, the main petitioner has been a law-abiding person. He had, I mean, he is the kind of a person who should be given a second chance to present this claim to the Court. If there's no questions, I rest my case. Thank you. Thank you. The case just argued is submitted for decision.
judges: Anello, Schroeder, Bea